FILED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

2009 MAY 22  PM 3: 33

STE____ _____ CLERK
U.S. ____ ____ ____RT
FOR THE N___ _ ___DISTRICT
OF INDIANA

RANDY RASKA )
)
        Plaintiff, )
)
    vs. )      Case No.:  **2  0 9 C V  1 4 7**
)
BOB EVANS FARM, INC. )
)
        Defendant. )

### COMPLAINT AT LAW

The Plaintiff, RANDY RASKA, by and through his attorneys, Elizabeth A. Moore and I. Peter Polansky, complaining against the Defendant, BOB EVANS FARM, INC. (hereinafter referred to as "BOB EVANS"), states as follows:

1.      The Plaintiff, RANDY RASKA is a resident of the State of Indiana.  The Defendant, BOB EVANS, is a corporation organized under the law of the State of Ohio.  The amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-five Thousand Dollars ($75,000.00).  Jurisdiction is proper in this court pursuant to 28 USC § 1332, wherein this is a claim between citizens of different States and the amount in controversy exceeds Seventy-five Thousand Dollars ($75,000.00).

2.      At all times relevant hereto the Defendant, BOB EVANS, was doing business in Lake County, Indiana.

3.      On and prior to April 14, 2008, the Defendant, BOB EVANS, owned, operated and maintained a restaurant open to the general public known as BOB EVANS located at 3936 Frontage Road, Michigan City, Indiana.

4.     On April 14, 2008, agents and servants for the Defendant had mopped the floor in the men's restroom at said location.

5.     On April 14, 2008, the Plaintiff, RANDY RASKA, was a business invitee at said restaurant and as he entered the men's restroom at said location, he was caused to slip and fall due to water on the floor of said restroom.

6.     At all times relevant hereto, the Defendant, BOB EVANS, had a duty to provide the Plaintiff and other patrons with a men's restroom that was not slippery, wet and/or dangerous.

7.     At said time and place, the Defendant, BOB EVANS, by and through their agents and servants acting on their behalf, carelessly and negligently:

        a.     Failed to properly maintain the men's restroom floor at said restaurant;

        b.     Failed to properly mop said men's restroom floor so as to remove any excess water from said mopping;

        c.     Failed to warn the Plaintiff and others of the dangerous condition of the floor to the men's restroom when the Defendant knew or through the exercise of reasonable care should have known that the Plaintiff and others were likely to be injured due to water that was permitted to remain on said men's restroom floor after mopping;

        d.     Failed to inspect said men's bathroom floor at reasonable intervals so as to discover the dangerous and defective condition of said men's restroom floor;

        e.     Suffered and permitted water from mopping to accumulate on the floor of said men's restroom;

        f.     Failed to place warning signs outside said men's restroom so as to warn the Plaintiff and other patrons of the wet and dangerous condition of said men's restroom floor;

        g.     Was otherwise careless and negligent.

8.      As a direct and proximate result and in consequence of one or more of said negligent acts of the Defendant, the Plaintiff, RANDY RASKA, was caused to be injured when he slipped and fell on the wet men's restroom floor with great force and violence, and thereby he sustained severe and permanent injuries including a tear to his right rotator cuff, which required him to undergo hospitalization and surgical repair; and he has suffered and with reasonable certainty will continue to suffer great pain and discomfort in the future, and he has been and will be hindered from attending to his affairs and duties; and he has incurred and will in the future continue to become liable for large sums of money for the care and treatment of his said injuries.

WHEREFORE, the Plaintiff, RANDY RASKA, asks for judgment against the Defendant, BOB EVANS FARM, INC. in the amount of Five Hundred Thousand Dollars ($500,000.00), for costs and for all other relief just and proper in the premises.

Respectfully submitted,

Elizabeth A. Moore – IN Atty. No.: 23138-64A

T. Peter Polansky – IN Atty. No.: 26698-49

POLANSKY, CICHON & BATEY, CHTD.
Two Prudential Plaza
180 N. Stetson Avenue, Suite 5250
Chicago, IL 60601
(312) 346-9241 – Telephone
(312) 704-4431 – Facsimile